IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD E. RINES :
:
**Petitioner** :
:
v. : 3:11-cv-1433
: (JUDGE MARIANI)
WARDEN, USP ALLENWOOD, et al. :
:
**Respondents** :

## MEMORANDUM OPINION

On April 2, 2012, the Court denied Petitioner Ronald E. Rines's ("Petitioner" or "Rines") Petition for writ of habeas corpus (Doc. 18). Petitioner filed a Motion for Reconsideration (Doc. 19) on April 12, 2012. In support of his Motion for Reconsideration, Petitioner attached an opinion of the Pennsylvania Commonwealth Court, which addressed an earlier mandamus petition filed by Rines in which he argued that his state sentence was incorrectly calculated. In essence, Petitioner's inclusion of this earlier opinion is meant to buttress Rines's argument that he exhausted his state remedies prior to the filing of his petition for *writ of habeas corpus*. To address Rines's new argument concerning exhaustion, the Court issues the following opinion.

## STANDARD

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is generally permitted only upon the basis of three

grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## **DISCUSSION**

In support of his petition for *writ of habeas corpus*, Petitioner avers that his constitutional rights were violated when the federal court elevated his sentence based upon an allegedly improper sentence imposed by the courts of the Commonwealth of Pennsylvania. Rines's cryptic petition challenges that his earlier state sentence was recalculated by state authorities without notice or a hearing, and that as a result, his present federal sentence is improper. Rines's Petition asserts:

> This Court is constrained to agree that Due Process entitled the Petitioner to an opportunity to have his claim "THAT HIS MAXIMUM PRISON SENTENCE HAD EXPIRED IN OCTOBER 1989, that release date meaningfully and expeditiously considered the risk of error . . . .

Rines's Petition for Writ of Habeas Corpus at 4, ECF Dkt. 1.

Rines continues to assert:

> The Respondents were obligated and bound by their own rule of law and by the Constitution of the United States [Due Process Clause] to give the Petitioner his Due Process Rights, but because of the vindictiveness did not.

Rines's Petition for Writ of Habeas Corpus at 5.

2

Given the confusing nature of Rines's Petition and Motion for Reconsideration, the Court will analyze the propriety of issuing a *writ of habeas corpus* pursuant to both 28 U.S.C. § 2254 or 28 U.S.C. § 2255. Section 2254 reads, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.

28 U.S.C. § 2254(a). This Court has extensively discussed the purpose and mechanics of Section 2254 in *Marinelli v. Beard*, No. 07-0173, 2012 WL 5928367 (M.D. Pa. Nov. 26, 2012):

> On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), went into effect and amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A. *Exhaustion and Procedural Default*

> Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000).

3

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *see also Nara v. Frank,* 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard,* 404 U.S. at 275).

Under this exhaustion rule, a federal court must dismiss without prejudice habeas petitions that contain any unexhausted claims. *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir.2004). This dismissal requirement does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred by state law. *Doctor v. Walters,* 96 F.3d 675, 681 (3d Cir.1996). However, in that situation the petitioner must still overcome the concomitant doctrine of procedural default. *Id.* at 683.

The doctrine of procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* For example, failure to present federal habeas claims to the state courts in a timely fashion results in procedural default. *See O'Sullivan,* 526 U.S. at 848 (citing *Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Like a state prisoner who has failed to exhaust his state remedies, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman,* 501 U.S. at 732. The doctrine of procedural default therefore ensures that a state prisoner cannot evade the exhaustion requirement of § 2254 by defaulting his federal claims in state court. *Id.*

> However, a federal habeas court can review the merits of procedurally defaulted claims if the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless,* 172 F.3d at 260; *Coleman,* 501 U.S. at 750–51; *Caswell v. Ryan,* 953 F.2d 853, 861–62 (3d Cir.1992). To demonstrate "cause" for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To demonstrate "actual prejudice," the petitioner must show "not merely that the errors ... created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (emphasis in original).
>
> Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bouslev v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To establish such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Id.* at 329.

*Marinelli v. Beard,* 2012 WL 5928367, at *8-9 (M.D. Pa. Nov. 26, 2012).

Under Section 2254, a writ cannot issue unless "the applicant has exhausted the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(1)(A). The Court assumes, based on Rines's Petition, that Petitioner is arguing that an incorrect recalculation

5

of the length of his state sentence for which he alleges that he never received proper notice or a hearing, presents the "collateral consequence" of a heightened federal sentence. *See Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)(if prisoner is no longer serving sentence, the court should consider his *habeas* petition moot unless he "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand"). At present, Rines, in that he was in federal custody when he filed the instant *habeas* petition, can only seek review of the propriety of his state court sentence if as a result of that sentence he has suffered some "collateral consequence," which Petitioner appears to argue occurred in connection with his federal sentence. Collateral consequences are presumed "when a litigant challenges a criminal conviction." *Id.* Absent "collateral consequences," the Court would lack jurisdiction to hear any argument on the propriety of the state court sentence because Petitioner was not "in custody" at the time he filed his petition for relief. *Id.* Custody, however, "extends beyond physical confinement," and includes other "significant restraints on . . . liberty" that are "not shared by the public generally." *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 242, 240, 83 S.Ct. 373, 9 L.Ed.2d 286 (1963)).

Given the lack of clarity of his Petition, the Court will assume that Rines is "in custody" and that the alleged impropriety of his earlier state sentence carries "collateral consequences" with regard to the federal sentence under which he is presently incarcerated.

"A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has 'exhausted the remedies available in the courts of the State.'" *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007). The Court in *Leyva* continues:

> To do so, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir.2002) (quoting *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002)). This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir.2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981)).
>
> Even when a petitioner properly exhausts a claim, however, a federal court may not review it on the merits if a state court's decision rests on a violation of a state procedural rule. *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir.2004). This procedural bar applies only when the state rule is "independent of the federal question [presented] and adequate to support the judgment." *Nara*, 488 F.3d at 199 (citing *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996), and *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The requirements of "independence" and "adequacy" are distinct, *see Johnson*, 392 F.3d at 557-59, but only the adequacy requirement is at issue here.
>
> A state rule is "adequate" for procedural default purposes if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." *Szuchon v. Lehman*, 273 F.3d 299, 327 (3d Cir.2001). These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," and that review is foreclosed by "what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant." *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir.2005).
>
> Finally, if a federal court determines that a claim has been defaulted, it may excuse the default only upon a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000). To satisfy the first reason for excuse, the petitioner must show "some objective factor external to the defense [that] impeded ... efforts to

comply with the ... procedural rule," as well as prejudice. *Slutzker v. Johnson,* 393 F.3d 373, 381 (3d Cir.2004) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To satisfy the second, the petitioner must typically show "actual innocence." *Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002).

*Leyva,* 504 F.3d 365-66.

As we previously held in *Marinelli, supra,* however, exhaustion is excused if the claims in the *habeas* petition are "fairly presented."

> A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *see also Nara v. Frank,* 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts).

*Marinelli,* 2012 WL 5928367 at *8.

In the present matter, Petitioner included in his Motion for Reconsideration a case that he failed to provide to the Court in his initial petition for *writ of habeas corpus*. That decision from the Pennsylvania Commonwealth Court, *Rines v. Lehman,* No. 411 M.D. 1994 (Pa. Comm'w Ct. 1994), denied Rines's application for a *writ of mandamus* concerning credit for time Petitioner served on his state sentence. The subject matter of that decision is different from that presented in Rines's petition for writ of *habeas corpus* in which he claims

8

that he was not provided with *notice or a hearing* with regard to sentence enhancements imposed by the Commonwealth of Pennsylvania. Accordingly, the Court finds that the issues in the *habeas corpus* petition were not "fairly presented" to the Commonwealth Court for the purpose of fulfilling the exhaustion requirement of 28 U.S.C. § 2254. The Commonwealth Court's decision did not involve the issues presented in the present *habeas corpus* matter, and thus, Petitioner failed to exhaust his state remedies because the courts of Pennsylvania were not given an opportunity to address the matters raised in the *habeas corpus* petition.

Further, the requirement that Rines exhaust his state remedies remains applicable where on the face of the petition it appears that he may have procedurally defaulted.

> The doctrine of procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* For example, failure to present federal habeas claims to the state courts in a timely fashion results in procedural default. *See O'Sullivan,* 526 U.S. at 848 (citing *Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Like a state prisoner who has failed to exhaust his state remedies, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman,* 501 U.S. at 732. The doctrine of procedural default therefore ensures that a state prisoner cannot evade the exhaustion requirement of § 2254 by defaulting his federal claims in state court. *Id*

*Marinelli v. Beard,* 2012 WL 5928367, at * 9.

In the present matter, it appears that Petitioner may be procedurally defaulted and barred from seeking review of his state court sentence. Under such circumstances, the Third Circuit instructs as follows:

> If the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.

*Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996), *abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009)(internal citations omitted).

Thus, the federal policy of deference to state courts in order to allow them to address possible errors in their own proceedings forecloses this Court from granting Rines's petition under Section 2254.

Alternatively, if we were to view Rines's petition as one challenging the duration of his present term of incarceration, he would be required to proceed under Section 2255. That provision reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Section 2255 contains a limitation period, which is strictly enforced. The limitation period is as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The imitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner argues that his sentence should have ended in 1989, yet Petitioner did not file his application for *writ of habeas corpus* until 2011. Rines admits that while he was confined in the restricted housing unit in 1989, he was made aware that in his sentence was recalculated. *See* Rines's Petition for Habeas Corpus at 4. Accordingly, Petitioner is time barred from seeking any relief pursuant to 28 U.S.C. § 2255.

Finally, Petitioner asks this Court to sanction Respondents for failing to supply certain discovery and to order them to produce materials in accordance with Petitioner's request. Petitioner's Motion for Sanctions and to Compel was filed after this matter was decided and closed. Respondents were and remain under no obligation to provide

11

Petitioner with his discovery requests. Petitioner's Motion for Sanctions and to Compel shall be denied.

## CONCLUSION

For the reasons set forth in this memorandum opinion, Petitioner's Motion for Reconsideration shall be denied, and Petitioner's Motion for Sanctions and to Compel shall be denied.

DATE: May 1, 2013

Robert D. Mariani
United States District Judge

12